Matthias, J.
The determination of the several matters in controversy in this case turns upon the question of the execution and validity of the contract in question and its performance by the plaintiff below, Elva L. Loney. It was sought to introduce the testimony of Mrs. Doup and Mrs. Pealer, daughters of Julia A. Loney, deceased, and W. W. Walkey, touching upon the question of the attitude *21 of the plaintiff Elva L. Loney toward said contract, and upon his compliance with its terms and performance thereof. The common pleas court held that the witnesses were precluded from testifying by virtue of the provisions of Section 11495, General Code.
The record does not disclose a statement of what it was expected to prove by the witnesses above named, but, in view of the holding of the trial court that each of these witnesses was incompetent to testify, such exclusion if erroneous will be held by a reviewing court to have been prejudicial. Wolf et al. v. Powner, Exr., et al., 30 Ohio St., 472.
Section 11495, General Code, provides in substance that a party shall not testify when the advérse, party is the guardian or .trustee of either, a deaf and dumb or an insane person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee or legatee of a deceased person, except as therein provided. The first of the exceptions is as to facts which occurred after the decedent, grantor, assignor or testator died. It is further provided that “when a case is plainly within the reason and spirit of the next three preceding sections, though not within the strict letter, their principles shall be applied.”
Section 11493, General Code, provides that “All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.’*
*22 Section 11494, General Code, relates to testimony by certain persons concerning privileged and confidential communications.
It is to be observed that this action was brought by Elva L. Loney in his individual capacity to recover from W. W. Walkey, administrator of Julia A. Loney, deceased, the mother of Elva L. Loney, certain personal property, or the proceeds therefrom, which he claimed to be his property, the right of possession thereof accruing at the death of his mother, Julia A. Loney, by virtue of a contract entered into between him and his father, Ruben C. Loney, who had died some time prior to the death of Julia A. Loney.
This statement discloses that the daughters of Ruben C. Loney and Julia A. Loney were neither necessary nor proper parties to the action. Indeed, their names appear only in the caption of the petition and they are- not mentioned anywhere in the body of the petition, nor in the prayer for relief. Another sister whose name also appears in the caption was not served with summons. The mere fact that they may subsequently have some interest or receive some portion of the estate of Julia A. Loney, on distribution, does not make them necessary or even proper parties to such proceeding. Had the situation been reversed, they could not as individuals have maintained the action against Elva L. Loney. (McBride, Admr., v. Vance, 73 Ohio St., 258.) They are merely nominal parties, wholly unnecessary to the determination of the issues in the case.
*23 The language used by Scott, J., in Wolf v. Powner, supra, at page 476, is pertinent: “We all concur in the opinion that the parties intended to be excluded from testifying by this section are the real, and not the mere formal, nominal, and wholly unnecessary parties.”
A plaintiff may not preclude a person from testifying against him by merely placing the name of such person in the caption of his petition. At common law parties were incompetent as witnesses on the sole ground of interest. Section 11493, General Code, was enacted for the very purpose of removing the disqualification imposed by the common law and making competent the testimony of parties notwithstanding they have an interest in the matter in-litigation. This provision is broad and comprehensive and can be limited or restricted only as expressly provided by Sections 11494 and 11495, General Code.
In the case of Powell, Admx., v. Powell, Admx., 78 Ohio St., 331, this court held that in the trial of an action on a promissory note, brought by the administratrix of the estate of the payee against the administratrix of the estate of the maker, the lower court committed error in excluding as incompetent the evidence of the children of the payee, relative to conversations had with the deceased maker concerning his liability on the note, and the consideration for the same, although such children were legatees or devisees under the will of the payee. In that case, at page 335, it is well stated by Price, J., who rendered the opinion of the court, that “Interest in the controversy is of itself no longer regarded as a sure *24 ground of presumption that a party or witness will falsify or give testimony colored or biased in favor of such interest.” In that case the heirs and devisees of the payee were not named as parties, but, as suggested in the opinion, they could not have been properly named as parties to the action on the issues joined in the pleadings. It was further stated in that opinion, page 338, that “The heirs or legatees of personal estate acquire their interest on distribution and such interest may eventually be small or nothing. They were not disqualified because they might ultimately receive a part of the estate.” The heirs and legatees in that case had the same interest in the outcome of that controversy that the heirs of Julia A. Loney or Ruben C. Loney would have in the results of the litigation in this case.
It was sought to apply these restrictive provisions of Section 11495 upon the theory that the plaintiff, Elva L. Loney, occupies the relation of the assignee of a deceased person. It is only upon that assumption that the statute could have any application whatever to exclude the testimony of Mrs. Doup and Mrs. Pealer, even if they were proper parties, or to exclude the testimony sought to be adduced by the defendant W. W. Walkey. Under the express provisions of the statute, the testimony of a party is competent as to facts which occurred “after the time the decedent, grantor, assignor, or testator died.” If the plaintiff claimed as assignee of a deceased person, that deceased person was Ruben C. Loney, and the facts concerning which any inquiry was directed to these witnesses, and each of them, occurred subsequent to his death.
*25 The reason and spirit clause to which we have above referred, by its very terms, applies not only to Section 11495 but also.to Sections 11493 and 11494, and, whatever purpose it may have been intended that provision should serve, it cannot be employed to contravene the express provisions of the statute. This is but an application of the doctrine clearly announced in Powell v. Powell, supra, and also in Cochran v. Almack, 39 Ohio St., 314, and Keyes v. Gore, 42 Ohio St., 211.
For the reasons stated the judgment of the court of appeals is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.